UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIXON ZAMBRANA-ALEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF SAN FRANCISCO, et al.,<br><br>    Respondents. | Case No. 23-cv-01617 EJD (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>(Docket Nos. 11, 15) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.[1] Dkt. No. 1. Petitioner filed a motion for leave to proceed in forma pauperis, Dkt. No. 11, and a motion for appointment of counsel, Dkt. No. 15.

## BACKGROUND

Petitioner was found guilty by a jury in San Francisco County Superior Court, of several charges involving forcible lewd and sexual acts on a minor. Dkt. No. 1 at 2. Petitioner was sentenced on October 23, 2020, to 28 years in state prison. Id.

---

[1] The matter was reassigned to this Court on June 15, 2023. Dkt. No. 14.

Petitioner did not seek review of the claims raised in this petition in the California Supreme Court.  Dkt. No. 1 at 7.

Petitioner filed this federal habeas action on April 5, 2023.

## DISCUSSION

### A.  Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981).  Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

Petitioner indicates that he did not pursue review of the claims in the instant federal petition in the state high court. Dkt. No. 1 at 7.  Accordingly, it is clear from the petition that Petitioner did not present the claims from the instant petition to the California Supreme Court, either on direct appeal or in a state habeas action, before filing this action.  Therefore, the petition is not ripe for federal review because Petitioner has still not exhausted his state remedies.  See Rose, 455 U.S. at 522.  Therefore, this petition should be dismissed without prejudice to Petitioner filing a new federal habeas corpus petition once state remedies have been exhausted.

///

**CONCLUSION**

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies. See Rose, 455 U.S. at 510. The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies with respect to any cognizable claims raised.

Petitioner's motion for leave to proceed in forma pauperis is **DENIED** for lack of indigency. Dkt. No. 11. The balance on Petitioner's "Inmate Statement Report" shows $1,681.81, *id.* at 5, indicating that Petitioner is more than capable of paying the $5.00 filing fee.

Petitioner's request for appointment of counsel is **DENIED** as moot. Dkt. No. 15.

This order terminates Docket Nos. 11 and 15.

**IT IS SO ORDERED**.

Dated: July 10, 2023

EDWARD J. DAVILA
United States District Judge